UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YASINI DOE, et al.,<br>Plaintiffs,<br>v.<br>DEPARTMENT OF STATE, et al.,<br>Defendants. | Civil Action No. 25-3676 (CJN) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Department of State and Marco Rubio, in his official capacity as a the Secretary of State, through undersigned counsel, submit this notice of supplemental authority to inform the Court of the Supreme Court's recent s decision in *Mullin v. Doe*, 146 S. Ct. 2121 (2026).

The Supreme Court held that a bar on judicial review of a "determination" by the Secretary of Homeland Security forecloses review of "procedural or substantive questions" regardless of "whether the term 'determination' is understood to mean a discrete decision or a process leading up to a final decision." *Mullin*, 146 S. Ct. at 2136. Put differently, "[i]f the final agency action is unreviewable, then so too are subsidiary determinations." *Id*.

This holding supports Defendants' argument that the claims raised by the Plaintiffs are barred by the doctrine of consular nonreviewability. As Defendants argued in their papers, Plaintiffs' challenge to the denial of a Chief of Mission approval applications were barred by the doctrine of consular nonreviewability. *See* Defs.' Mot. to Dismiss ("Defs' Mot.", ECF No. 18) at

15-18; Defs' Reply (ECF No. 25) at 6-12.[1] And, because the Chief of Mission approval is a necessary predicate step to obtaining a visa, the doctrine of consular nonreviewability applies to that challenge, as well. *See* Defs.' Mot. at 16 (citing *Malyutin v. Rice*, 677 F. Supp. 2d 43, 46 (D.D.C. 2009), *aff'd*, No. 10-5015, 2010 WL 2710451 (D.C. Cir. July 6, 2010); *Pak v. Biden*, 91 F.4th 896, 900-01 (7th Cir. 2024)).

In this case, Plaintiffs challenge subsidiary decisions in an attempt to bypass a bar on judicial review. Whether they bring these challenges on individual bases or as their purported policy, *see* Pls.' Opp'n at 22-31, the Supreme Court has now confirmed that such "creative pleading or clever lawyering" cannot be permitted. *Mullin*, 146 S. Ct. at 2136.

Dated: August 13, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *`/s/ Dhruman Y. Sampat`*
DHRUMAN Y. SAMPAT
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2525

*Attorneys for the United States of America*

[1] Citations are to the ECF-generated page numbers appearing in the top, right corner of each page.