UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YASINI DOE, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF STATE, et al.,

Defendants.

Civil Action No. 25-3676 (CJN)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On August 13, 2026, Defendants provided this Court with a Notice of Supplemental Authority regarding the Supreme Court's decision in *Mullin v. Doe,* 146 S. Ct. 2121 (2026) ("*Mullin*"). That decision has no relevance here for two reasons.

First, the decision in *Mullin* is limited to statutory interpretation of a jurisdiction-stripping provision in the Temporary Protected Status ("TPS") statute, 8 U.S.C. § 1254a(b)(5)(A), which bars judicial review of "any determination… with respect to the… termination" of a country's TPS designation. *See Mullin,* 146 S. Ct. at 2133. As *Mullin* makes clear, the availability of judicial review "turn[s] on the specific wording of the provision at issue." *Id* at 2134, citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991). Thus, the Supreme Court's interpretation of the text of 8 U.S.C. § 1254a(b)(5)(A) has no bearing on the scope of the entirely different judicial doctrine of consular non-reviewability. Moreover, *Mullin* "reaffirms" that judicial review of "challenges to [unlawful] practices and policies"—such as those brought by Plaintiffs here—is not foreclosed by judicial review bars of individual determinations. *See Dorcas Int'l Inst. of Rhode Island v. U.S. Citizenship and Immigr. Servs.,* No. 26-cv-132-JJM-PAS, 2026 WL 2042424 at *4 (D.R.I. July 15, 2026) (quoting *McNary,* 498 U.S. at 492) (holding that *Mullin* did not disturb the

court's conclusion that a separate jurisdiction-stripping provision of the Immigration and Nationality Act did not bar review of plaintiffs' policy challenges); *see also Doe v. Edlow*, No. 2:26-CV-494, 2026 WL 1945085, at *16 (S.D. Ohio July 6, 2026) (holding the same).

Second, the APA merger principle, which concerns review of subsidiary decisions that are not final, *see Mullin,* 146 S. Ct. at 2136, has no relevance to the final actions challenged here: Defendants' agency-wide policy of categorically denying Chief of Mission ("COM") approval to an entire group of applicants, and the application of that policy to deny COM approval in each Plaintiff's case. Both are final agency actions that directly contravene the text of the Afghan Allies Protection Act. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss (ECF No. 20) at 19-22, 32.

Dated: August 14, 2026

Respectfully submitted,

By: */s/ Mevlüde Akay Alp*

Mevlüde Akay Alp (D.D.C. Bar No. NY0664)
Ghita Schwarz (D.D.C. Bar No. NY0663)
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza
33rd Floor
New York, New York 10004
Telephone: (646) 988-9876
Telephone: (646) 939-9169
makayalp@refugeerights.org
gschwarz@refugeerights.org

Dalia Fuleihan*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 47611
Chicago, IL 60647
Telephone: (646) 740-6271
dfuleihan@refugeerights.org

Megan Hauptman (D.C. Bar No. 1780749)
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Avenue NW, Suite 600
Washington, D.C. 20001
Telephone: (646) 939-7329
mhauptman@refugeerights.org

*Attorneys for Plaintiff*

**Admitted pro bono*